**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAREEM EADDY,** | : | **CIVIL ACTION** |
| | : | |
| **Petitioner** | : | |
| | : | **No. 19-0450** |
| **v.** | : | |
| | : | |
| **THERESA DELBALSO, et at.,** | : | |
| | : | |
| **Respondents** | : | |

## AMENDMENT AND SUPPLEMENT TO HABEAS PETITION

Kareem Eaddy, through counsel, hereby amends and supplements Claim Six of his habeas petition regarding misconduct by Detective Ronald Dove with the facts, arguments, and attached exhibits discussed below.

### I.    Background

In Claim Six of his pro se habeas petition, Eaddy alleged that his conviction violated both the Pennsylvania and U.S. constitutions because of post-trial evidence regarding "corrupt and criminal activities" of Det. Dove. ECF No. 1 at 33. Det. Dove, as Eaddy noted, played a key role in the case because he participated in the interview of Lakia Bunch and testified about that interview at trial. *See id.* at 33-34. Bunch, who was a purported eyewitness to the homicide, testified at trial that her alleged statement to the police was fabricated. *See id.* at 33.

In his pro se petition, Eaddy identified two separate episodes of malfeasance involving Det. Dove. *See id.* at 34-35. In one, Det. Dove pleaded guilty to hindering apprehension, obstructing the administration of law, unsworn falsification to authorities,

tampering with evidence, and related charges for his role in interfering with a 2013 homicide investigation. *See id.* at 34, 342-44; Ex. 1 at 14-15.[1] As a result of his conduct, Det. Dove was fired in November 2013. *See id.* at 343 (newspaper article noting Det. Dove's firing by Police Commissioner Charles Ramsey). In a second incident, Det. Dove was found to have abused his authority and violated police policy by improperly detaining a witness for 47 hours. *See* ECF No. 1 at 34-35, 358-59. The witness was not permitted to use the phone to arrange child care for her 11-year-old son or to notify her employer of her absence. *See id.* at 359. She was also given only a pretzel and soda during her detention. *Id.* at 358. This incident, which took place from June 1 to June 3, 2013, was substantiated by the Internal Affairs Division of the Philadelphia Police Department. *See id.* at 358-59.[2]

In his state post-conviction proceedings, Eaddy raised a newly-discovered evidence claim based on Det. Dove's misconduct. *See Commonwealth v. Johnson*, 179 A.3d 1105, 1123 (Pa. Super. Ct. 2018).[3] The Superior Court rejected the challenge, concluding that the evidence did not satisfy the criteria for relief under state law. In

---

[1] Respondents provided undersigned counsel with Exhibit 1 on or about September 17, 2021.

[2] The disclosure from the District Attorney's Office also contains a substantiated allegation that Det. Dove sent several harassing text messages to another person in February 2008. *See* Ex. 1 at 4. Dove received a two-day suspension for the violation. *Id.* at 3.

[3] Eaddy is also known as Karrem Johnson.

particular, the court determined that the evidence would have been solely for impeachment, that Det. Dove's convictions "have no bearing on Appellant's case," and that Det. Dove was a "tertiary witness." *Id.* The Superior Court added, "'Dove's charges may have caused a reasonable jury to distrust his testimony, but even without it, the Commonwealth would still likely have prevailed.'" *Id.* (quoting PCRA Ct. Op., 7/20/17, at 15-16). "Appellant cannot show that the proffered 'evidence' of Detective Dove's convictions would lead to a different result, for there is no evidence the former detective did anything inappropriate in the instant matter." *Id.*

Eaddy submits this amendment and supplement to develop his habeas claim regarding Det. Dove further, both factually and legally.

## II.   Affidavit from Lakia Bunch

As a result of the allegations about Det. Dove and a related disclosure of information by Respondents, undersigned counsel and his investigator interviewed Lakia Bunch about her interactions with Det. Dove and the Philadelphia police. In April 2022, Bunch signed the attached affidavit. Ex. 2. In that affidavit, Bunch reaffirms her trial testimony disavowing her alleged statement to police. *See id.* She also provides additional information about her interview with Det. Dove and Det. Fetters that was not previously disclosed to Eaddy. Specifically, in the affidavit, she states that the police told her that they believed her boyfriend at the time was the motive for the homicide. *See id.* at 1. Bunch refutes that allegation by noting that her boyfriend was in jail at the time and that he did not know the decedent. *See id.* Further, Bunch states that she confided in a cousin

3

following her trial testimony, telling Honey Layton that she had not seen the shooting. *See id.* Eaddy maintains that these facts support her trial testimony and his constitutional claim for relief. That claim is discussed below.

### III.   Eaddy's due process rights were violated by Det. Dove's conduct and the Commonwealth's delay in disclosing this information

#### A.   Eaddy's legal claim regarding Det. Dove

In his habeas petition, Eaddy alleged that his conviction was unconstitutional as a result of Det. Dove's conduct. *See* ECF No. 1 at 33. This argument rested on the ground of due process, as Eaddy alleged that the Commonwealth relied on a fabricated statement from Bunch. *See id.* at 33-34. In general, "[t]he principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction" is "implicit in any concept of ordered liberty." *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Here, Bunch's affidavit and the undisclosed allegations about Det. Dove support Eaddy's contention that Bunch's police statement was fabricated.

Eaddy now also repleads the claim to include the legal theory that Commonwealth's failure to disclose Det. Dove's misconduct violated *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. To establish a *Brady* violation, a defendant must show that (1) the evidence was favorable to the accused, either because it is exculpatory or impeaching; (2) the evidence was suppressed; and (3) the evidence was material. *See Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 284-85 (3d Cir. 2016) (en banc). The "touchstone of materiality is a 'reasonable probability' of a different result." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). Materiality "does not require demonstration by a

4

preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal ... [Rather], [a] 'reasonable probability' of a different result is ... shown when the government's evidentiary suppression undermines confidence in the outcome of the trial." *Id.* (internal quotation marks omitted).

In Eaddy's case, *Brady* is implicated because Det. Dove's misconduct took place before Eaddy's conviction became final. The chronology is important. Det. Dove's misconduct took place in 2013. At that time, Eaddy's case remained on direct review. The Pennsylvania Superior Court affirmed Eaddy's conviction in August 2012, and he filed a petition for allowance of appeal in December 2012. The Pennsylvania Supreme Court denied the petition on September 25, 2013. Eaddy then filed a petition for a writ of certiorari in the U.S. Supreme Court, which denied that petition on May 19, 2014; thus, Eaddy's conviction did not became final until that date.

The application of *Brady* is significant because to prevail Eaddy need only show a reasonable probability of a different result, rather than the preponderance standard applied to his related newly-discovered evidence claim by the state courts. Eaddy can do so. While the Superior Court downplayed Det. Dove's significance by describing him as a "tertiary" witness, *see* 179 A.3d at 1123, the record reflects otherwise. Det. Dove was the witness that the Commonwealth called immediately following Lakia Bunch's testimony for the purpose of substantiating her purported statement to the police. *See* N.T. 2/4/11 at 68-72. In addition, during her testimony Bunch did not recall Det. Fetters' participation in the interview. *See* N.T. 2/4/11 at 9-10.

5

Bunch's affidavit and Det. Dove's misconduct are also significant because they support the ineffective assistance of counsel claims discussed in Eaddy's prior filings. *See, e.g.*, ECF No. 18 (counseled memorandum in support of habeas petition). One of those claims alleges that trial counsel was ineffective by failing to object to the trial court's reasonable-doubt instruction; a second alleges that trial and appellate counsel were ineffective for failing to raise challenges related to the assault of a witness; a third alleges that trial counsel was ineffective for failing to challenge the use of Renee Smith's out-of-court statement for its truth. All three of these claims, of course, require Eaddy to prove that he was prejudiced by counsel's performance. Since the affidavit from Bunch and the information about Det. Dove raise doubts about the evidence that the Commonwealth used at trial, these items are consistent with and reinforce Eaddy's arguments for relief on those claims.

## B.      Timeliness and Exhaustion

Eaddy asserts that his *Brady* claim is timely under 28 U.S.C. § 2244(d)(1)(D), which allows a petitioner to file a habeas petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In this regard, undersigned counsel received the police misconduct disclosure in this matter on September 17, 2021. Eaddy also asserts that the claim is timely because it relates back to Claim Six. *See* Fed. R. Civ. P. 15(c)(1)(B) (allowing amended claims arising "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"); *Mayle v. Felix*, 545 U.S. 644,

6

664 ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.").

Eaddy's allegation for relief under *Brady* has not been exhausted in state court. Eaddy notes, however, that exhaustion is subject to waiver. *See* 28 U.S.C. § 2254(b)(3). He asks the Court to allow Respondents an opportunity to respond to this claim.

Respectfully submitted,

*/s/ Joel Mandelman*
JOEL MANDELMAN
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106
(215) 928-1100

*Counsel for Petitioner Kareem Eaddy*

1



# DISTRICT ATTORNEY'S OFFICE
THREE SOUTH PENN SQUARE
PHILADELPHIA, PENNSYLVANIA 19107-3499
215-686-8000

LAWRENCE S. KRASNER
DISTRICT ATTORNEY

Philadelphia Police Department ("PPD") Misconduct Disclosures are provided in the form we received them from PPD.  PPD redacted the documents pursuant to the PPD Office of Professional Responsibility Redaction Schedule for Police Misconduct Disclosure Requests, available from the PPD.   Because these documents are a redacted version of the original documents, the defense may obtain, through compulsory process (i.e. a subpoena served on the PPD), additional and unredacted documents relating to qualifying misconduct.  Further, additional documents relating to complaints against police, if any such complaints have been made, may also be found with the PPD.

1



# PHILADELPHIA POLICE DEPARTMENT

# MISCONDUCT DISCLOSURE

## REQUEST

Current Rank:   Name:                              Badge:        Current Assignment:

**DOVE RONALD- SEPARATED**

| Date Requested: | 11/21/2018 |
|---|---|
| Requested By: | PHILADELPHIA DISTRICT ATTORNEY'S OFFICE |
| Pertinent Case Number: | CP51CR00099302012 |

| Request Filled By: | PHILADELPHIA POLICE DEPARTMENT |
|---|---|
| Request Filled Date: | 12/10/2018 |
| Request Filled Method: | E-MAIL |

Please review listed attachments (when applicable (refer to notations on Findings Sheet when redaction isn't present)) for above listed employee:

IAD Investigative Conlclusion
PBI Findings Sheet

**2**



# PHILADELPHIA POLICE DEPARTMENT
# MISCONDUCT DISCLOSURE

## PBI FINDINGS

| Hearing Date: | PBI#: | IAD#: | Source: |
|---|---|---|---|
| **09/03/2008** | **P2008-0257** | **08-1027** | **Internal Investigation** |

| Rank: | Name: | Badge: | Current Assignment: |
|---|---|---|---|
| | **Dove, Ronald** | | **SEPERATED** |

| Article/Section: | Charge: | Board Finding: | Penalty: |
|---|---|---|---|
| 1.00 | *Unspecified.* | Guilty Plea | 2-Day Suspension |

| Total Penalty: | **2-Day Suspension** |
|---|---|

| Arbitration/Settlement: | **None** |
|---|---|

| *NOTE*: | |
|---|---|

3

*08-1027*

## CONCLUSION

████████████ allegation that on Saturday, 2/9/08, and Monday, 2/11/08, Det. Ronald Dove #8003, Homicide Unit, sent several harassing text messages to ████████ cell phone is **SUSTAINED**.

This is based on the fact that Det. Dove admitted during his interview that he sent the text messages to ██████ Det. Dove reported that he is going through a divorce with his wife, and he was upset because he believes that ███████ is romantically involved with his wife. Det. Dove felt that ██████ had cost him his marriage and his family. Det. Dove admitted that the sending of the text messages was an error in judgment on his behalf, and he has since received professional counseling in an effort to deal with his family problems in a more constructive manner.

A copy of this report will be forwarded to the Police Board of Inquiry for action.

████████████████

Staff Inspector
Internal Affairs Division

7

**4**



# PHILADELPHIA POLICE DEPARTMENT

# MISCONDUCT DISCLOSURE

| PBI FINDINGS |
|---|

| Hearing Date: | PBI#: | IAD#: | Source: |
|---|---|---|---|
| **07/31/2015** | **P2015-0413** | **13-0592** | **Complaint Against Police** |

| Rank: | Name: | Badge: | Current Assignment: |
|---|---|---|---|
| | **Dove, Ronald** | | **SEPERATED** |

| Article/Section: | Charge: | Board Finding: | Penalty: |
|---|---|---|---|
| 1§011-10 | *Placed in personnel file.* | | |
| 5§011-10 | *Placed in personnel file.* | | |

| Total Penalty: | **Separated prior to adjudication.** |
|---|---|

| Arbitration/Settlement: | **None** |
|---|---|

| *NOTE*: | |
|---|---|

5

*13-0592*

## CONCLUSION

This investigation did **SUSTAIN** the fact that Det. James Pitts #9040, PR ██████ and Det. Ronald Dove #8003, PR# ████████Homicide Unit, **Abused Their Authority**.

████████████stated that she had received a phone call from a detective, who she thought was named ██████████ who informed her that he needed to speak with her in reference to a Homicide Investigation. ████████████asked if she could meet him after she was done work but was told no.  A short time later, Det. Pitts arrived and picked up ██████████

Det. Pitts stated that he and Det. Dove had picked ██████████up at her place of employment and dropped her off at the Homicide Unit at Police Headquarters only as a witness.

The allegation by ██████████████of **Improper Detention** against Det. James Pitts #9040, PR██████ and Det. Ronald Dove #8003, PR#████████Homicide Unit, is **SUSTAINED**.

██████████████ stated that she was picked up at her place of employment by two unknown detectives, later identified as Det. Pitts and Det. Dove.  She was transported to the Homicide Unit, where she was placed and kept in an interview room from 9:00 AM on 06-01-13 until 8:00 AM on 06-03-13.  ██████████ described multiple contacts over the course of her time at the Homicide Unit with the same black male detective that picked her up.  She also provided Det. Pitts' business card that was given to her by him upon her release.

Det. Pitts denied having any knowledge of who placed ██████████████in an interview room.  He stated that the last time he saw ██████████████she was sitting on a bench in the Homicide Unit and that he had no further contact with her.

This investigation **SUSTAINED, Departmental Violation of Directive #82, "Adult Detainees In Police Custody"** against Det. James Pitts #9040, PR# ██████████and Det. Ronald Dove #8003, PR#████████ Lt. ██████████████████ PR# ████████ and Sgt. ██████████████ PR# ████████ all of the Homicide Unit.

██████████████stated that while in custody at the Homicide Unit for 47 hours she was not given anything to eat or drink except a pretzel and soda.

Directive #82, Adult Detainees In Police Custody, states that "all detainees in police custody for 8 hours will be offered a meal and on each succeeding tour of duty thereafter."

No records could be located in the investigation that documented if or when the complainant was provided with food or water.

12

6

All of the supervisors interviewed stated that a person in custody would be given something to eat or drink if they requested it.

The allegation by ███████████ of **Improper Procedure** against Det. James Pitts #9040, PR#██████ and Det. Ronald Dove #8003, PR# ████████ Lt. ███████ ███████████ PR#███████ and Sgt. Frank Hayes #8595, PR# ████████ all of the Homicide Unit, is **SUSTAINED**.

███████████ stated that she requested to make a phone call several times to arrange for child care for her 11 old son, who was home alone, and to call work to notify them of her absence and was refused.

Det. Pitts denied having any contact with ███████████ while she was at the Homicide Unit and stated that he didn't know she was there for three days. He further stated that he didn't know if anyone had permitted ███████████ to make a phone call.

A handwritten note with ███████████ name on it was found in the Homicide Case File ████████ with the words "Hold For 3 SQ" and "No Calls" written on it. Lt. ████████ ████████ #████ identified the writing as that of Det. Dove.

The allegation by ███████████ of **Illegal Search** against Det. James Pitts #8003, PR#████████ PR# ████████ Homicide Unit, is **NOT SUSTAINED**.

███████████ stated that Det. Pitts asked for her password to her cell phone which she gave him. While being released, Det. Pitts stated that he went through her text messages and it appeared that she was telling the truth.

Det. Pitts denied having any contact with ███████████ once he brought her into the Homicide Unit.

No independent witnesses could be located to support or refute this allegation.

The investigation did **SUSTAIN** the fact that ███████████████ PR# ████████ and Sgt. ████████ ████████ #████ PR# ████████ both of the Homicide Unit, **Failed To Supervise**.

███████████ stated that she was picked up from her place of employment on 06-01-13 and transported to and detained at the Homicide Unit until 06-03-13. She also stated that she was not provided with food or water or permitted to make any phone calls to notify her family or employer of her whereabouts. A formal statement was not taken from ███████████ nor was she charged with a crime.

13

7

████████ was working overtime on 06-01-13 in reference to Homicide Case #M███████, which is the case that ██████████ was detained in reference to, and the date on which she was brought to the Homicide Unit. He also worked on 06-02-13 and 06-03-13. At the time of the investigation, Lt. ████████ was the Three Squad Lieutenant, which was the squad that was assigned to investigate Homicide Case #M ██████ Lt. ████████ stated that he supervised the investigation but did not participate in it. Lt.████████ also stated that he had no recollection of this investigation nor did he know who brought ███████████ into the Homicide Unit or if she was a suspect in the case.

Lt.████████ was unable to recall or did not know any specific information regarding Ms.████████ or why she was detained from 06-01-13 until 06-03-13. Lt. ███████ did state that it was the responsibility of the supervisors and detectives to check on the well being of prisoners and witnesses. He didn't recall if████████ was provided with food or water but stated that she would have been if she requested it. Lt. ████████ further stated that a supervisor's approval would be needed prior to releasing a prisoner or witness.

Lt.████████ was working a total of 35 hours of the 47 hours ████████ was detained.

████████ worked on 06-02-13 and 06-03-13. He was assigned to Three Squad, which was the squad that was investigating Homicide Case M ██████ Sgt. ████████ stated that he did not recall ████████████ or know who brought her to the Homicide Unit. He also stated that he didn't know why she was detained from 06-01-13 until 06-03-03 nor did he know any specific information about the time that she spent at the Homicide Unit.

████████ further stated that at some point, a detective would notify a supervisor that a prisoner or witness had been placed into an interview room. He also stated that it was the supervisor's responsibility to check on the well being of prisoners and witnesses but that everyone makes checks. In addition, prisoners and witnesses would be provided with food and water if they asked for it.

████████ was working a total of 26 hours of the 47 hours ████████████ was detained.

A copy of this investigation will be forwarded to the Commanding Officer, Police Board of Inquiry, for action.

Staff Inspector
Internal Affairs Division

14

8



# PHILADELPHIA POLICE DEPARTMENT

# MISCONDUCT DISCLOSURE

| PBI FINDINGS | | | |
|---|---|---|---|

| Hearing Date: | PBI#: | IAD#: | Source: |
|---|---|---|---|
| **12/03/2013** | **P2013-0629** | **13-1130** | **Internal Investigation** |

| Rank: | Name: | Badge: | Current Assignment: |
|---|---|---|---|
| | **Dove, Ronald** | | **SEPERATED** |

| Article/Section: | Charge: | Board Finding: | Penalty: |
|---|---|---|---|
| 1§008-10 | *Failure to cooperate in any Departmental investigation.* | CDA | Dismissal |
| 1§009-10 | *Lying or attempting to deceive regarding a material fact during the course of any Departmental investigation.* | CDA | Dismissal |
| 1§021-10 | *Any incident, conduct, or course of conduct which indicates that an employee has little or no regard for his/her responsibility as a member of the Police Department.* | CDA | Dismissal |
| 1§026-10 | *Engaging in any action that constitutes the commission of a felony or a misdemeanor which carries a potential sentence of more than (1) year. Engaging in any action that constitutes an intentional violation of Chapter 39 of the Crimes Code (relating to Theft and Related Offenses). Also includes any action that constitutes the commission of an equivalent offense in another jurisdiction, state or territory. Neither a criminal conviction nor the pendency of criminal charges is necessary for disciplinary action in such matters.* | CDA | Dismissal |

| Total Penalty: | **Dismissal** |
|---|---|

9

*13-1130*

## CONCLUSION

The allegation of lying and conduct unbecoming a police officer against Detective Ronald Dove #8003, Payroll███████, is **SUSTAINED**.

On Friday, 11-08-13, by orders of the Police Commissioner, Detective Ronald Dove #8003 was ordered suspended with intent to dismiss. Det. Dove was read his Criminal Gniotek warnings and issued a 30 day suspension with intent to dismiss as a result of his actions on September 8, 2013, his actions on subsequent days following and involving the homicide death of ████████ his actions concerning ████████ her whereabouts, evidence of the homicide, and his statement on 10-01-13 to Homicide detectives, in which he lied. Detective Dove made no statement based on the advice of his attorney.   See Gniotek warnings, and 75-18s for facts and evidence.

All the information and evidence obtained for this investigation should be referred to Twenty-Sixth County Investigating Grand Jury. (Misc. No. 004150-2013) █████████ Supervising Judge.

This investigation will be forwarded to the Commanding Officer, Police Board of Inquiry, for action.

Staff Inspector
Internal Affairs Division

6

**10**

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001382-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald S. Dove

Page 1 of 11

## CASE INFORMATION

Judge Assigned:  Nichols, Carolyn H.          Date Filed: 02/09/2015          Initiation Date: 02/09/2015

OTN:  N 948656-2          LOTN:          Originating Docket No: MC-51-CR-0002183-2015

Initial Issuing Authority:  James M. DeLeon          Final Issuing Authority:

Arresting Agency:  Philadelphia Pd          Arresting Officer:  Saggese, Raymond A.

Complaint/Incident #:  1571000019-0002183

| Case Local Number Type(s) | Case Local Number(s) |
|---|---|
| Originating Docket Number | MC-51-CR-0002183-2015 |
| District Control Number | 1571000019 |
| Originating Document Number | 1571000019-0002183 |

## STATUS INFORMATION

| Case Status: | Closed | Status Date | Processing Status | Arrest Date: | 01/22/2015 |
|---|---|---|---|---|---|
| | | 04/26/2017 | Sentenced/Penalty Imposed | | |
| | | 04/26/2017 | Awaiting Sentencing | | |
| | | 01/09/2017 | Awaiting Trial | | |
| | | 01/09/2017 | Awaiting Trial Readiness Conference | | |
| | | 02/02/2016 | Awaiting Trial | | |
| | | 02/02/2016 | Awaiting Trial Readiness Conference | | |
| | | 02/01/2016 | Awaiting Trial | | |
| | | 01/29/2016 | Awaiting Trial Readiness Conference | | |
| | | 04/24/2015 | Awaiting Trial | | |
| | | 04/24/2015 | Awaiting Trial Readiness Conference | | |
| | | 03/16/2015 | Awaiting Formal Arraignment | | |
| | | 02/27/2015 | Awaiting Pre-Trial Conference | | |
| | | 02/09/2015 | Awaiting Filing of Information | | |

Complaint Date:          01/22/2015

CPCMS 9082          Printed:  06/22/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

11

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001382-2015**
# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald S. Dove

Page 2 of 11

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Trial | 02/17/2015 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Scheduled |
| Formal Arraignment | 02/27/2015 | 11:00 am | 1104 | Trial Commissioner Linda Mariani | Scheduled |
| Pre-Trial Conference | 03/25/2015 | 9:00 am | 1005 | Judge Robert P. Coleman | Scheduled |
| Scheduling Conference | 04/10/2015 | 9:00 am | 1002 | Judge Anne Marie B. Coyle | Scheduled |
| Scheduling Conference | 04/24/2015 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Scheduled |
| Status | 09/08/2015 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Scheduled |
| Trial Readiness Conference | 02/01/2016 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Scheduled |
| Trial Readiness Conference | 02/16/2016 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Moved |
| Trial | 01/09/2017 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Cancelled |
| Trial | 01/09/2017 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Cancelled |
| Trial Readiness Conference | 01/09/2017 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Scheduled |
| Trial | 01/11/2017 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Cancelled |
| Trial Readiness Conference | 04/24/2017 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Scheduled |
| Trial | 04/26/2017 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Scheduled |
| Surrender | 07/24/2017 | 9:00 am | 1008 | Judge Carolyn H. Nichols | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 07/24/2017 | County Jail | Bucks County Prison | | Yes |

## DEFENDANT INFORMATION

Date Of Birth:            07/27/1972          City/State/Zip:  Philadelphia, PA  19114

Alias Name
Dove, Ronald Shane

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Dove, Ronald S. |
| Probation Officer | Young, Valerie |

Printed:  06/22/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

12

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001382-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald S. Dove

Page 3 of 11

## BAIL INFORMATION

**Dove, Ronald S.**                                                                                     **Nebbia Status:  None**

| Bail Action | Date | Bail Type | Percentage | Amount | | |
|---|---|---|---|---|---|---|
| | | | | | Bail Posting Status | Posting Date |
| Set | 01/22/2015 | Monetary | 10.00% | $25,000.00 | | |
| | | | | | Posted | 01/22/2015 |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | F3 | 18 § 5126 §§A | Flight To Avoid Appreh/Trial/Punish | 09/08/2013 | N 948656-2 |
| 2 | 2 | F3 | 18 § 903 | Conspiracy - Hinder App/Prosec-Harbor Or Conceal | 09/08/2013 | N 948656-2 |
| 3 | 3 | F3 | 18 § 5105 §§A1 | Hinder App/Prosec-Harbor Or Conceal | 09/08/2013 | N 948656-2 |
| 4 | 4 | M2 | 18 § 5101 | Obstruct Admin Law/Other Govt Func | 09/08/2013 | N 948656-2 |
| 5 | 5 | M2 | 18 § 4904 §§A1 | Unsworn Falsification to Authorities | 09/08/2013 | N 948656-2 |
| 6 | 6 | M2 | 18 § 4910 §§1 | Tamper With/Fabricate Physical Evidence | 09/08/2013 | N 948656-2 |
| 7 | 7 | F3 | 18 § 903 §§C | Conspiracy | 09/08/2013 | N 948656-2 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |

**Lower Court Proceeding (generic)**

| Preliminary Hearing | 02/06/2015 | Not Final | |
|---|---|---|---|
| 1 / Flight To Avoid Appreh/Trial/Punish | Held for Court | F3 | 18 § 5126 §§ A |
| 2 / Conspiracy - Hinder App/Prosec-Harbor Or Conceal | Held for Court | F3 | 18 § 903 |
| 3 / Hinder App/Prosec-Harbor Or Conceal | Held for Court | F3 | 18 § 5105 §§ A1 |
| 4 / Obstruct Admin Law/Other Govt Func | Held for Court | M2 | 18 § 5101 |
| 5 / Unsworn Falsification to Authorities | Held for Court | M2 | 18 § 4904 §§ A1 |
| 6 / Tamper With/Fabricate Physical Evidence | Held for Court | M2 | 18 § 4910 §§ 1 |
| 7 / Conspiracy | Held for Court | F3 | 18 § 903 §§ C |

**Proceed to Court**          Defendant Was Not Present

| Information Filed | 03/16/2015 | Not Final | |
|---|---|---|---|
| 1 / Flight To Avoid Appreh/Trial/Punish | Held for Court | F3 | 18 § 5126 §§ A |
| 2 / Conspiracy - Hinder App/Prosec-Harbor Or Conceal | Held for Court | F3 | 18 § 903 |
| 3 / Hinder App/Prosec-Harbor Or Conceal | Held for Court | F3 | 18 § 5105 §§ A1 |
| 4 / Obstruct Admin Law/Other Govt Func | Held for Court | M2 | 18 § 5101 |

CPCMS 9082                                                                                     Printed:  06/22/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

13

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001382-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald S. Dove

Page 4 of 11

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
| --- | --- | --- | --- |
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |
| 5 / Unsworn Falsification to Authorities | Held for Court | M2 | 18 § 4904 §§ A1 |
| 6 / Tamper With/Fabricate Physical Evidence | Held for Court | M2 | 18 § 4910 §§ 1 |
| 7 / Conspiracy | Held for Court | F3 | 18 § 903 §§ C |

**Guilty Plea - Negotiated**

| Trial | 04/26/2017 | Final Disposition | |
| --- | --- | --- | --- |
| 1 / Flight To Avoid Appreh/Trial/Punish | Guilty Plea - Negotiated | F3 | 18 § 5126 §§ A |
| Nichols, Carolyn H. | 04/26/2017 | | |
| Probation | Max of 2.00 Years | | 07/24/2017 |
| | 2 years | | |
| 2 / Conspiracy - Hinder App/Prosec-Harbor Or Conceal | Guilty Plea - Negotiated | F3 | 18 § 903 |
| Nichols, Carolyn H. | 04/26/2017 | | |
| Probation | Max of 2.00 Years | | 07/24/2017 |
| | 2 years | | |
| 3 / Hinder App/Prosec-Harbor Or Conceal | Guilty Plea - Negotiated | F3 | 18 § 5105 §§ A1 |
| Nichols, Carolyn H. | 04/26/2017 | | |
| Confinement | Min of 30.00 Days | | 07/24/2017 |
| | Max of 23.00 Months | | |
| | 30 days - 23 months | | |

Credit to be calculated by the Phila. Prison System

Defendant paroled immediately after serving 30 days of incarceration.

Defendant is permitted to surrender on 7/24/17 courtroom 1008.  Defendant has signed service.

| Probation | Max of 3.00 Years | | 07/24/2017 |
| --- | --- | --- | --- |
| | 3 years | | |

Defendant is to pay imposed mandatory court costs.

Defendant is to receive counseling to help with making better life decisions.

Defendant is permitted to travel with his daughter to boxing events within the US only.

| 4 / Obstruct Admin Law/Other Govt Func | Guilty Plea - Negotiated | M2 | 18 § 5101 |
| --- | --- | --- | --- |
| Nichols, Carolyn H. | 04/26/2017 | | |
| Probation | Max of 2.00 Years | | 07/24/2017 |
| | 2 years | | |
| 5 / Unsworn Falsification to Authorities | Guilty Plea - Negotiated | M2 | 18 § 4904 §§ A1 |
| Nichols, Carolyn H. | 04/26/2017 | | |
| Probation | Max of 2.00 Years | | 07/24/2017 |
| | 2 years | | |

CPCMS 9082

Printed:  06/22/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001382-2015**
# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald S. Dove

Page 5 of 11

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |
| 6 / Tamper With/Fabricate Physical Evidence | Guilty Plea - Negotiated | M2 | 18 § 4910 §§ 1 |
| Nichols, Carolyn H. | 04/26/2017 | | |
| Probation | Max of 2.00 Years | | 07/24/2017 |
| | 2 years | | |
| 7 / Conspiracy | Nolle Prossed | F3 | 18 § 903 §§ C |
| Nichols, Carolyn H. | 04/26/2017 | | |

**LINKED SENTENCES:**

**Link 1**
CP-51-CR-0001382-2015 - Seq. No. 3 (18§ 5105 §§ A1) - Probation is Consecutive to
CP-51-CR-0001382-2015 - Seq. No. 3 (18§ 5105 §§ A1) - Confinement

**Link 2**
CP-51-CR-0001382-2015 - Seq. No. 1 (18§ 5126 §§ A) - Probation is Concurrent with
CP-51-CR-0001382-2015 - Seq. No. 3 (18§ 5105 §§ A1) - Probation

**Link 3**
CP-51-CR-0001382-2015 - Seq. No. 2 (18§ 5105 §§ A1) - Probation is Concurrent with
CP-51-CR-0001382-2015 - Seq. No. 3 (18§ 5105 §§ A1) - Probation

**Link 4**
CP-51-CR-0001382-2015 - Seq. No. 4 (18§ 5101 §§) - Probation is Concurrent with
CP-51-CR-0001382-2015 - Seq. No. 3 (18§ 5105 §§ A1) - Probation

**Link 5**
CP-51-CR-0001382-2015 - Seq. No. 5 (18§ 4904 §§ A1) - Probation is Concurrent with
CP-51-CR-0001382-2015 - Seq. No. 3 (18§ 5105 §§ A1) - Probation

**Link 6**
CP-51-CR-0001382-2015 - Seq. No. 6 (18§ 4910 §§ 1) - Probation is Concurrent with
CP-51-CR-0001382-2015 - Seq. No. 3 (18§ 5105 §§ A1) - Probation

Printed: 06/22/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

15

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001382-2015**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Ronald S. Dove

Page 6 of 11

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| <u>Name:</u>    Philadelphia County District Attorney's Office<br>Prosecutor | <u>Name:</u>    Brian J. McMonagle<br>Private |
| <u>Supreme Court No:</u> | <u>Supreme Court No:</u>    042394 |
| <u>Phone Number(s):</u><br>215-686-8000        (Phone) | <u>Rep. Status:</u>    Active |
| <u>Address:</u><br>3 South Penn Square<br>Philadelphia, PA  19107 | <u>Phone Number(s):</u><br>215-981-0999        (Phone) |
| | <u>Address:</u><br>Mcmonagle Perri ET AL<br>1845 Walnut St Fl 19<br>Philadelphia, PA  19103 |
| | Representing: Dove, Ronald S. |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 02/09/2015 | | Court of Common Pleas - Philadelphia County |
| Held for Court | | | |
| 1 | 02/25/2015 | | McMonagle, Brian J. |
| Waiver of Appearance at Arraignment | | | |
| 3 | 02/27/2015 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 1 | 03/16/2015 | | Williams, R Seth |
| Information Filed | | | |
| 5 | 03/25/2015 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |

CPCMS 9082

Printed:  06/22/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

16

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001382-2015**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Ronald S. Dove

Page 7 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 6 | 03/25/2015 | | Coleman, Robert P. |

Order Granting Motion for Continuance

Pre-Trial Conference has been held.

Discovery is outstanding.
Offer to remain open, if any.

Grand Jury.

Defendant served at the bar of court.
Listed for Scheduling Conference: 04/10/2015, Room 1002.

The Honorable Robert P. Coleman presiding.
Commonwealth: Frank Fina; Defense: Brian J. McMonagle;
Court Reporter: Robin Sturdivant; Court Clerk: Aly Williams

| 7 | 04/10/2015 | | Court of Common Pleas - Philadelphia County |

Hearing Notice

| 8 | 04/10/2015 | | Coyle, Anne Marie B. |

Order Granting Motion for Recusal

Case is scheduled on 4/24/15 in Room 1008 for scheduling conference.

J. Coyle; ADA: F. Fina; Def co: B. McMonagle; Steno: M. Carey; Clerk: J. Misunas

| 6 | 04/24/2015 | | Nichols, Carolyn H. |

Order Granting Motion for Continuance

HON. C. Nichols ADA: F. Fina ATTY: B. McMonagle STENO: T. Valentino CLK: L. Camp

Case relisted for status of negotiations/possible non-trial disposition on 9/8/15 courtroom 1008. Trial readiness conference scheduled for 2/15/16 courtroom 1008. Jury Trial date scheduled for 2/17/16 courtroom 1008.

Defendant is on bail and has signed service.

| 1 | 09/08/2015 | | Nichols, Carolyn H. |

Trial Date to Remain

HON. C. Nichols ADA: D. Rhoads ATTY: B. McMonagle STENO: M. Prak CLK: L. Camp

Defendant does not wish to plea.  Trial date of 2/17/16 courtroom 1008 is to remain.

Defendant is on bail and has signed subpoena.

CPCMS 9082

Printed: 06/22/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

17

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001382-2015**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Ronald S. Dove

Page 8 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 01/29/2016 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 4 | 01/29/2016 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 1 | 02/01/2016 | | Nichols, Carolyn H. |
| Counsel Attached for Trial | | | |
| Attorney Brian McMonagle attached for trial on 1/9/17 | | | |
| 4 | 02/01/2016 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 8 | 02/01/2016 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 9 | 02/01/2016 | | Nichols, Carolyn H. |
| Motion for Continuance Defense Request | | | |
| Honorable Glenn B. Bronson | | | |
| ADA: John O'Neal /Atty: F. Perri for Brian McMonagle/ Steno: Carol Sokolski/ Clk: C. Mitchell | | | |
| Defense request. List for 2 week Jury Trial beginning 1/9/17. Time ruled excludable. Attorney attached. (Bail) Attorney to accept service. Room: 1008 | | | |
| 2 | 02/02/2016 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 5 | 02/02/2016 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 3 | 01/09/2017 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |

CPCMS 9082

Printed: 06/22/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

18

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001382-2015**
## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald S. Dove

Page 9 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 5 | 01/09/2017 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 7 | 01/09/2017 | | Nichols, Carolyn H. |
| Defense Advance Request For Continuance | | | |

HON. C. Nichols  ADA:  K. Handrich  ATTY:  D. Mischak in for (B. McMonagle)  STENO:  L. Renshaw  CLK:  L. Camp

Advance defense request for further investigation based on additional discovery.  Commonwealth was ready.  Jury trial date of 1/11/17 courtroom 1008 to be cancelled.  Case is continued and relisted for trial readiness conference on 4/24/17 courtroom 1008. Jury trial is scheduled on 4/26/17 courtroom 1008.

Defendant is present on bail and has signed service.

| 1 | 04/24/2017 | | Nichols, Carolyn H. |
|---|---|---|---|
| Trial Date to Remain | | | |

HON. C. Nichols  ADA:  K. Handrich  ATTY:  B. McMonagle  STENO:  T. Monastra  CLK:  L. Camp

Trial date to remain for possible plea on 4/26/17 courtroom 1008.

Defendant is present on bail and has service for next listing.

| 1 | 04/26/2017 | | Nichols, Carolyn H. |
|---|---|---|---|
| Guilty Plea - Negotiated | | | |
| 2 | 04/26/2017 | | Nichols, Carolyn H. |
| Order - Sentence/Penalty Imposed | | | |

HON. C. Nichols  ADA:  K. Handrich  ATTY:  B. McMonagle  STENO:  T. Monastra  CLK:  L. Camp--defendant sentenced to 30 days - 23 months with immediate parole after serving 30 days followed by 3 years reporting probation.  Defendant is permitted to surrender to courtroom 1008 on 7/24/17.  Remaining charge is nolle prossed.  Defendant is present on bail and has signed service for surrender date.

| 4 | 04/26/2017 | | Court of Common Pleas - Philadelphia County |
|---|---|---|---|
| Hearing Notice | | | |
| 5 | 04/26/2017 | | Court of Common Pleas - Philadelphia County |
| Penalty Assessed | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

19

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001382-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald S. Dove

Page 10 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 6 | 04/26/2017 | | Court of Common Pleas - Philadelphia County |
| Court Commitment State or County Correctional Institution | | | |
| 1 | 06/27/2017 | | Allen, Jacqueline F. |
| Entry of Civil Judgment | | | |
| 1 | 07/24/2017 | | Nichols, Carolyn H. |
| Defendant Surrendered | | | |
| 1 | 08/22/2017 | | Court of Common Pleas - Philadelphia County |
| Bail Refund | | | |

CPCMS 9082

Printed: 06/22/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

20

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0001382-2015**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Ronald S. Dove

Page 11 of 11

## CASE FINANCIAL INFORMATION

Last Payment Date:  08/22/2017                    Total of Last Payment:  -$750.00

**Dove, Ronald S.**
Defendant

| | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Bail Bond (Philadelphia) | $10.00 | $0.00 | -$10.00 | $0.00 | $0.00 |
| ATJ | $4.00 | $0.00 | $0.00 | $0.00 | $4.00 |
| Booking Center Fee (Philadelphia) | $175.00 | $0.00 | $0.00 | $0.00 | $175.00 |
| CJES | $2.25 | $0.00 | $0.00 | $0.00 | $2.25 |
| CQS Fee Felony (Philadelphia) | $100.00 | $0.00 | $0.00 | $0.00 | $100.00 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $20.30 | $0.00 | $0.00 | $0.00 | $20.30 |
| Costs of Prosecution - CJEA | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| County Court Cost (Act 204 of 1976) | $29.65 | $0.00 | $0.00 | $0.00 | $29.65 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | $0.00 | $0.00 | $0.00 | $35.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | $0.00 | $0.00 | $0.00 | $250.00 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Firearm Education and Training Fund | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| JCPS | $21.25 | $0.00 | $0.00 | $0.00 | $21.25 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| State Court Costs (Act 204 of 1976) | $13.55 | $0.00 | $0.00 | $0.00 | $13.55 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |
| Civil Judgment/Lien (Philadelphia) | $95.94 | $0.00 | $0.00 | $0.00 | $95.94 |
| Bail Poundage (Philadelphia) | $750.00 | -$750.00 | $0.00 | $0.00 | $0.00 |
| OSP (Philadelphia/State) (Act 35 of 1991) | $725.00 | $0.00 | $0.00 | $0.00 | $725.00 |
| OSP (Philadelphia/State) (Act 35 of 1991) | $725.00 | $0.00 | $0.00 | $0.00 | $725.00 |
| Costs/Fees Totals: | $3,054.94 | -$750.00 | -$10.00 | $0.00 | $2,294.94 |
| Grand Totals: | $3,054.94 | -$750.00 | -$10.00 | $0.00 | $2,294.94 |

** - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

21

2

**AFFIDAVIT OF LAKIA BUNCH**
**Pursuant to 28 U.S.C. § 1746 and 18 Pa.C.S. § 4904**

I, Lakia Bunch hereby declare, verify and swear as follows:

1. Sometime in the spring of 2009, I was in the basement of the Roundhouse having been picked up for retail theft. A police officer got me and took me upstairs and I was interviewed by the police about what I knew of the murder of Christopher Lomax.

2. On the night that the murder happened, a friend was having a birthday party at a bar named Rumors. I went to the bar for the party, but I only stayed about fifteen minutes because I was pregnant at the time. I left the bar before the shooting, and I told the police repeatedly that I never saw the shooting.

3. When I spoke to the police, they told me that they believed my boyfriend at the time, who was the father of my child, was the reason the victim was killed. I told them that was impossible because he had been in jail since shortly after I got pregnant, and neither me nor my child's father knew the victim.

4. My testimony at the preliminary hearing and at trial was true. I did not see the shooting. To this day, I do not understand why I was made to come to court to testify.

5. The first time I clearly remember seeing a police statement that I supposedly gave was when I was testifying at the preliminary hearing. That statement was made up. I never said to the police that I saw the shooting and I knew who the shooter was.

6. I was arrested again right before I testified at trial. After testifying at trial and after being released from custody, I went straight to the house of my cousin, Honey Layton. I was very shook up and I remember weeping because I was upset. I told Honey that I had not seen the shooting.

I hereby swear that the facts set forth above are true and correct to the best of my personal knowledge, information, and belief, subject to the provisions of 28 U.S.C. § 1746 and 18 Pa. C.S. § 4904.

_____
Lakia Bunch

_____
Date   4/12/2022